**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

Rod J. Rosenstein
United States Attorney

Solette A. Magnelli
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4867
MAIN: 410-209-4800
FAX: 410-962-0716
TTY/TDD: 410-962-4462
Solette.Magnelli@usdoj.gov

February 23, 2009

Michael D. Montemarano, Esquire
5695 Main Street, Suite 201
Elkridge, Maryland 21075-5016

Re: <u>United States v. Juan Carlos Escobar Sanchez, Criminal No. 08-0539 (WDQ)</u>

Dear Mr. Montemarano:

This letter, together with the Sealed Supplement, confirms the plea agreement that has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by March 3, 2009, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count 1 of the Indictment now pending against him, which charges him with Coercion and Enticement, in violation of 18 U.S.C. §2422(a). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    a. The defendant did knowingly,
    b. Persuade, induce, entice and coerce an individual,
    c. To travel in interstate and foreign commerce to engage in prostitution.



Michael D. Montemarano, Esq.
February 23, 2009
Page 2

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is a maximum of twenty years imprisonment, a $250,000 maximum fine and up to three years of supervised release. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. You and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and you would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Revised 8/8/08

Michael D. Montemarano, Esq.
February 23, 2009
Page 3

confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.     If the Defendant were found guilty after a trial, he would have the right to appeal the verdict to see if any errors were committed which would require a new trial or dismissal of the charges against him.

        f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Advisory Sentencing Guidelines Apply

5.     The Defendant understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991-998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range.

## Factual and Advisory Guidelines Stipulation

6.     This Office and the Defendant understand, agree and stipulate to the following Statement of Facts and applicable sentencing guidelines factors, which would be proved beyond a reasonable doubt:

Revised 8/8/08

Michael D. Montemarano, Esq.
February 23, 2009
Page 4

    a.    **Statement of Facts.**

The defendant, Juan Carlos Escobar Sanchez, age 23, is a citizen of El Salvador, who was residing illegally in the United States in Baltimore, Maryland.

On October 20, 2008, an adult female traveled from New York to Maryland for the purpose of prostitution. The female had traveled to Maryland on this date because the defendant had offered to arrange her sex customers and provide her housing and transportation in exchange for a share of the prostitution earnings. The defendant's offer and promise of monetary profits enticed the female to travel to Maryland for the purpose of prostitution.

On October 23, 2008, an undercover investigator engaging in a prostitution sting ordered a female prostitute from the defendant. Within a short time, a vehicle arrived at the pre-determined delivery location driven by the defendant. Seated in the front passenger seat was the adult female who had traveled from New York to Maryland to prostitute for the defendant. Also retrieved from the vehicle and the defendant's person were condoms, lubricants, five cellular telephones (including the target cell phone called by the undercover investigator) and $816.00 in U.S. currency.

    b.    **Sentencing Guideline Factors**.

        i.    The applicable guideline is U.S.S.G. § 2G1.1(a). This guideline carries a Base Offense Level of **14**.

        ii.    This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty. The adjusted offense level is **12**.

    c.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

    d.    This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential

Michael D. Montemarano, Esq.
February 23, 2009
Page 5

departures or adjustments set forth in Chapters 2, 3 or 4 of the United States Sentencing Guidelines will be raised or are in dispute.

### Obligations of the United States Attorney's Office

7. At the time of sentencing, this Office will recommend a sentence at the low end of the Sentencing Guideline range that the Court determines to be applicable to this case.

8. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. It is further agreed that the Defendant will notify the Court, the United States Probation Officer and government counsel at least ten days in advance of sentencing of said facts or issues that he intends to raise.

### Waiver of Appeal

9. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed, including any fine, term of supervised release, or order of restitution and any issues that relate to the establishment of the advisory guidelines range, as follows: the Defendant waives any right to appeal from any sentence within or below the advisory guidelines range resulting from an adjusted base offense level of **12**, and this Office waives any right to appeal from any sentence within or above the advisory guidelines range resulting from an adjusted base offense level of **12**. Nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35, and appealing from any decision thereunder, should a sentence be imposed that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Court Not a Party

10. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the advisory guidelines range, the Court will consider the stipulation, together with the results of the presentence investigation, and any other

Revised 8/8/08

Michael D. Montemarano, Esq.
February 23, 2009
Page 6

relevant information. The judge may consider any reliable evidence, including hearsay, in fashioning the sentence. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Obstruction or Other Violations of Law

11. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Consent to Removal from the United States

12. The Defendant acknowledges that he is subject to removal from the United States and agrees not to contest any removal proceedings brought by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative document requiring the Defendant to show cause why he should not be removed, the Defendant agrees to request an expedited removal hearing and to consent to removal. The Defendant acknowledges that by consenting to removal, he will be removed from the United States expeditiously upon completion of his term of incarceration. The Defendant knowingly waives any and all rights to appeal, reopen, reconsider or otherwise challenge his removal.

13. The Defendant agrees to waive any rights he may have to apply for any form of

Revised 8/8/08

Michael D. Montemarano, Esq.
February 23, 2009
Page 7

relief or protection from removal, deportation or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. The rights the Defendant is waiving include, but are not limited to the ability to apply for voluntary departure, asylum, withholding of deportation or removal, cancellation of removal, suspension of deportation, adjustment of status and protection under the Convention Against Torture. As part of this agreement, the Defendant specifically acknowledges and states that he has not been persecuted or tortured in, and has no present fear of persecution or torture in El Salvador on account of race, religion, nationality, political opinion or membership in a particular social or political group.

14. The Defendant agrees that upon entry of this plea agreement, the defendant abandons any and all applications for relief from deportation, removal or exclusion he may have filed and agreed not to file or prosecute any application for relief from removal, deportation or exclusion before any federal court, immigration court, Board of Immigration Appeals or DHS prior to the defendant's removal from the United States.

15. The defendant agrees to assist the DHS in his removal. Specifically, the defendant agrees to assist the DHS in procuring travel or other documents necessary for the Defendant's removal; to cooperate with representatives of the country or countries to which the Defendant's removal is directed; and to execute promptly those documents which are needed to effect the Defendant's removal. The Defendant agrees that his failure or refusal to cooperate in his removal shall constitute a material breach of this agreement and may subject the Defendant to additional criminal penalties.

### Entire Agreement

16. This agreement does not bind any federal, state, or local prosecuting authority other than this Office. This agreement constitutes the complete plea agreement in this case. There are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Solette Magnelli
Assistant United States Attorney

Revised 8/8/08

    I have had this agreement, including the Sealed Supplement, read to me in Spanish and have carefully reviewed every part of it with my attorney with the aid of an interpreter. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

___3/4/09___                _____
Date                                      Juan Carlos Escobar Sanchez

    I am the attorney for Juan Carlos Escobar Sanchez. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him with the assistance of an interpreter. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

___3/4/09___                _____
Date                                      Michael Montemarano, Esquire